# In the United States Court of Federal Claims

No. 10-15L
(Filed: January 25, 2017)
NOT FOR PUBLICATION

| | |
|---|---|
| ROSALIE GREENWOOD, *et al.*, Individually and as Representatives of a Class of Similarly Situated Individuals, ) ) ) ) ) | |
| Plaintiffs, ) ) | Preliminary Approval; Rails to Trails; Class Action |
| v. ) ) | |
| THE UNITED STATES, ) ) | |
| Defendant. ) ) | |

**ORDER GRANTING PRELIMINARY APPROVAL TO PARTIES' PROPOSED SETTLEMENT AND NOTICE FORMS TO CLASS MEMBERS AND SCHEDULING A PUBLIC FAIRNESS HEARING**

This rails-to-trails case arises from the conversion of a railroad corridor in Lawrence County, Arkansas to a recreational trail. This action was brought on behalf of 53 landowners who collectively own 78 parcels of land along the 6.70-mile corridor. On March 5, 2013, upon agreement of the parties, the court certified this matter as a class action and adopted the parties' proposed schedule for providing notice to class members and preparation of a claims book (ECF No. 30).

Defendant the United States ("the government") and class counsel have reached an agreement regarding the general terms of a settlement. The proposed settlement provides payments in connection with the alleged taking of plaintiffs' property for the creation of a trail. The proposed settlement does not include statutory attorneys' fees or costs. The matter of attorneys' fees and costs under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) ("URA"), will be addressed in a separate court order. It is not necessary for the court to resolve class counsel's request for attorneys' fees and costs before approving this notice to class members regarding the proposed settlement because class counsel is not seeking to

collect contingent fees under the "common fund" doctrine. *See Sabo v. United States*, 102 Fed. Cl. 619, 630 (2011).[1]

On December 1, 2016, class counsel filed a motion for preliminary approval of the settlement, approval of notice to class members regarding the proposed class action settlement, and request to set a date for public hearing under RCFC 23(e) (ECF No. 81). The government does not oppose preliminary approval of the class action settlement but asks the court to adopt the government's proposed notice plan and forms (ECF No. 82).

Based upon a review of the parties' proposed class action settlement and the parties' respective proposed notices, plaintiffs' motion for preliminary approval of the proposed settlement is **GRANTED**. The court **ORDERS** as follows:

**A.     Proposed Class Action Settlement**

Under Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC"), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." RCFC 23(e)(2). Before determining whether to grant final approval of the proposed settlement, this court typically first reviews the proposed settlement for a preliminary fairness evaluation, directs class counsel to provide notice of the settlement to the class, and holds a fairness hearing. *See Barnes v. United States*, 89 Fed. Cl. 668, 670 (2009).

The parties' proposed settlement agreement was filed with the court on December 1, 2016. Pls.' Mot. Ex. B (ECF No. 81-2). In reaching the agreement, the parties conducted a joint appraisal of the fair market value of class members' property interests for the alleged taking. Pls.' Mot. 2-3; Def.'s Resp. 2. The value of the easement allegedly taken from each property was determined based on the area of land at issue and the appraised value of representative parcels in three categories of residential properties, three categories of commercial/industrial properties, and one category for agricultural properties. Pls.' Mot. 3; Def.'s Resp. 3.

---

[1] In *Sabo*, 102 Fed. Cl. at 624-25, the court preliminary approved a class action settlement which did not include attorneys' fees and costs. The court later granted final approval based upon a review of several factors which included "[t]he fairness of the provision for attorney fees." *Id.* at 627. Although the parties had "not yet reached agreement on the manner in which attorneys' fees and costs [would] be assessed," the court found that "the parties' agreement with regard to attorneys' fees—to attempt to settle the issue and not to pursue fees from the settlement funds— weighs strongly in favor of approval." *Id.* at 630.

Under the settlement, class members would receive a total of $1,025,595.00, of which $611,795.00 is principal for the value of the land allegedly taken and $413,800.00 is interest as of August 31, 2016.  Pls.' Mot. Ex. B ¶ 4.  The amount of principal to be paid for each claim is listed in Attachment A of the proposed settlement agreement attached to plaintiffs' motion.  Pls.' Mot. Ex. B Attach. A.

At this stage, "[i]n deciding whether a settlement falls within the range of approval, courts have considered a variety of factors, among them:  (i) whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations; (ii) whether it improperly grants preferential treatment to class representatives or other members of the class; (iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and (iv) whether the agreement otherwise has obvious deficiencies."  *Barnes*, 89 Fed. Cl. at 670.  Upon review of the proposed settlement agreement, the court does not find any collusive activity, preferential treatment, or other deficiencies in the proposed settlement.  The court therefore preliminarily approves the proposed settlement agreement, and will now address the wording of the proposed notice to class members.

**B.     Notice Plan and Forms**

When parties propose to resolve a certified class's claims through settlement, RCFC 23(e) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal."  RCFC 23(e)(1).  A notice of settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)), *cert. denied*, 136 S. Ct. 2509 (2016).  The Federal Circuit has found that this principle "is equally applicable in the context of the provision of additional information."  *Id.* at 1349 (citing *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 197 (5th Cir. 2010)).  Thus, in order to satisfy constitutional requirements and RCFC 23(e), "class counsel, either by notice or the method by which additional information is provided, must provide 'all necessary information for any class member to become fully apprised and make any relevant decisions.'"  *Id.* (citing *Katrina*, 628 F.3d at 198; *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005)).  "[W]hat constitutes 'necessary information' depends on the particular circumstances of the proposed settlement."  *Id.* (citing *Wal-Mart Stores*, 396 F.3d at 114).

The government argues that class counsel's proposed notice does not provide sufficient information for class members to decide whether to object to the settlement. Specifically, the government argues that class counsel must provide the appraisals for the representative properties and the methodology used to calculate the final values of the unappraised properties.  Def.'s Resp. 6-9.  The government proposes that class counsel

3

provide class members with access to this information through a website. *Id.* 13-15. The government's proposal also makes a number of clarifications, such as adding information regarding the calculation of interest and how to request additional information about the proposed settlement.

Class counsel does not explicitly object to establishing a website but argues that their proposed notice meets the requirements of *Haggart* because it expressly states that "Class Counsel will make the appraisals and the property damages calculation available to you upon request." Pls.' Mot. Ex. A at 3; Pls.' Reply 1-5. Class counsel also discusses opportunities class members have already had to discuss appraisal reports and their individual settlements. Pls.' Reply 2. Class counsel also argues that the plaintiffs' proposed notice more thoroughly details the joint appraisal process. *Id.* at 4-5. Class counsel does not object to the government's other clarifications.

After a review of the parties' proposed notice plans and forms, the court **APPROVES** the government's version of the notice and forms with the exception of references to the proposed website and the references to class counsel's request for contingent fees on the grounds that the court understands that class counsel is not seeking fees under the "common fund" doctrine.[2] In addition, the approved notice adopts the parties' agreed-upon proposal that the court conduct the fairness hearing telephonically with class counsel present at a location that is convenient to class members who wish to participate in person. *See* Pls.' Mot. 9; Def.'s Resp. 18.

The court finds that the approved notice is reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement and to afford them opportunity to comment on or object to the proposed settlement in advance of the fairness hearing. A copy of the approved notice and forms is attached to this order.

In *Haggart*, 809 F.3d at 1348 (citations omitted), the Federal Circuit focused on the plaintiffs' "request for *additional information* concerning the methodology class counsel employed in calculating the fair market value of unappraised properties." *Id.*

---

[2] Class counsel initially requested to collect contingent fees pursuant to agreements with four class members or to treat the settlement as a common fund and recover an unspecified contingent fee (ECF No. 76). However, class counsel withdrew the request for contingent fees pursuant to the agreements with four class members (ECF No. 85 at 1). In addition, class counsel no longer argues that class counsel may recover a contingent fee under the "common fund" doctrine following the Federal Circuit's decision in *Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016). *See* Pls.' Reply 6 (stating that class counsel's proposed notice "merely assumes the Court will following the Federal Circuit's guidance in *Haggart*, and choose not to apply the common-fund" doctrine); ECF No. 85 (not disputing the government's argument that *Haggart* precludes class counsel's request to recover contingent fees pursuant to the common fund doctrine in this case).

(emphasis in original).  The Federal Circuit "recognize[d] that notice need not 'contain a formula for calculating individual awards' or provide a 'complete source of information.'"  However, the panel noted, "because notices are often general and need not encompass all relevant details, it is crucial that class counsel allow class members to 'easily acquire more detailed information' should they choose to do so.  *Id.* (citations omitted).

In this case, the approved notice makes clear that class counsel will provide upon request the value of the representative properties and how the value of class members' individual properties was calculated.  Because class counsel has agreed to "provide additional documents such as the spreadsheets detailing the precise methodology used to calculate the fair market value of the properties" that will allow class members "to determine for themselves whether the allocation of the settlement agreement was fair, reasonable, and adequate," *Haggart*, 809 F.3d at 1351, the court finds that class members will have sufficient access to information to make an informed decision.

The parties shall provide the attached approved notice via U.S. mail for each member of the opt-in class, and do not need to provide additional notice by publication.  The parties shall abide by the following notification schedule:

1. Class counsel shall mail the approved notice and forms to class members by **February 3, 2017**.  The court has attached a copy of the approved notice and forms to this order.

2. The 30-day notice period shall begin on **February 3, 2017** and shall close on **March 6, 2017**.

3. The approved notice will be mailed to the opt-in class members, along with the attached forms that will allow class members to submit comments and request to speak at the fairness hearing in advance of the hearing.  Class counsel will serve the government with copies of all comments and requests to speak at the fairness hearing, and file copies of the same with the court, no later than **March 17, 2017.**

**C.    Fairness Hearing**

The court hereby **SCHEDULES** a fairness hearing to take place on **Friday, March 24, 2017 at 2:00 PM eastern time**.  The fairness hearing shall be held over the phone.  The court will provide call-in information to the parties and any participating plaintiffs in advance of the hearing.

**IS SO ORDERED.**

                                                  s/Nancy B. Firestone
                                                  NANCY B. FIRESTONE
                                                  Senior Judge

UNITED STATES COURT OF FEDERAL CLAIMS

# Notice of Proposed Final Settlement of Class Action Against the United States

*A Court authorized this notice. This is not a solicitation from a lawyer.*

**Your legal rights are affected whether you act or don't act. Read this notice carefully.**

I.  **INTRODUCTION.**

You are receiving this notice because our records show that you are a member of a plaintiff class that the United States Court of Federal Claims certified in a class action lawsuit that was filed in 2010. Plaintiffs in that lawsuit, entitled *Greenwood v. United States*, No. 10-15 L (Fed. Cl.), sought just compensation from the United States based on allegations that the federal Surface Transportation Board's issuance of a Notice of Interim Trail Use on a 6.70-mile railroad corridor in Lawrence County, Arkansas, interfered with property interests recognized under Arkansas state law. Plaintiffs allege that this interference constitutes a taking of private property for public use, requiring compensation in accordance with the Fifth Amendment to the United States Constitution. The Defendant in this action, the United States of America, denies that the named Plaintiffs and class members are entitled to compensation for a Fifth Amendment taking.

At this time, the Plaintiff class representatives and the United States propose settling this matter. Under the terms of the proposed settlement, which must be approved by the Court, the United States agrees to pay to the Plaintiffs the total sum of $1,025,595.00. This amount consists of $611,795.00 in principal for the value of the property interests allegedly taken, and $413,800.00 in interest. The interest amount was calculated based upon the estimated payment date of August 31, 2016. The final interest amount will be recalculated based on the actual date payment is made at an annual rate of 4.3% and will be slightly higher than this estimated amount. The amount of principal and estimated interest to be paid for each individual claim of the class members is specified in Attachment A. Your allocated share of that total settlement amount is shown on the attached financial disclosure form.

In exchange for the payments to be made by the United States as specified herein, Plaintiffs agree that this settlement constitutes a full, complete, and final resolution of any and all of the Class's claims against the United States, legal or equitable, and stipulate to a voluntary dismissal of this action, with prejudice to re-filing.

The proposed settlement described herein was reached through a process in which the class representatives and Class Counsel and the United States, jointly retained an independent expert appraiser who appraised the value of certain parcels allegedly taken as of May 24, 2004. The appraiser placed similar properties into groups and then appraised a representative parcel. The appraised value for that representative parcel was then used to calculate a settlement value for each claim within the group. The results of that joint appraisal process were then used to negotiate a settlement

amount that provides compensation to all class members. To eliminate the time, costs, and risks associated with additional litigation, Class Counsel negotiated this proposed settlement on behalf of the Class, which substitutes the certainty of an immediate cash payment to the members of the Class for the uncertainties additional litigation poses. Class Counsel believes that the proposed settlement is fair, reasonable, and in the best interest of all members of the Class.

You may request additional information regarding the proposed settlement from Class Counsel, including: a copy of the representative appraisals applicable to the claims of class members, a spreadsheet identifying the properties in each appraisal group and the class member's property and showing how the value of each property in that group was extrapolated or derived from the appraisal of the representative parcels, a copy of the proposed Settlement Agreement, and the Parties' filings on Class Counsel's motion for attorney's fees.

If, after a fairness hearing, the proposed settlement is approved by the Court, as soon as the proceedings are final the United States Department of Justice will submit the settlement to the United States Department of the Treasury for payment from the Judgment Fund. **The Department of the Treasury requires each member of the Class who is to receive a portion of the total settlement to provide their Social Security Number or Federal Tax Identification Number prior to processing payment, so that the Department of the Treasury may fulfill its statutory obligations under the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3325(d))**. If you have questions regarding this requirement, visit https://www.fiscal.treasury.gov/fsservices/gov/pmt/jdgFund/judgementFund_home.htm (last updated November 1, 2016). This information is requested on the form that is attached to this Notice, and should be provided if you have not already done so.

## II.    CLASS MEMBERSHIP.

In 2013, potentially eligible persons were given notice of the certified class action and were offered the opportunity to opt-in to the class. All of those who opted to join this certified class action were provided notice that they would be bound to the terms of any judgment or any settlement the Court may approve. As a class member, you are entitled to comment on or object to the terms of the proposed settlement, and participate in a hearing with the Court, before the Court determines whether to approve the proposed settlement. If the Court approves the settlement described in this notice, the terms of the settlement are intended to bind all class members.

## III.   HEARING AND COMMENTS.

You have a right to enter an appearance in this case through an attorney other than Class Counsel if you so desire. The Court of Federal Claims will hold a public hearing to determine whether to approve the proposed settlement of this class action. Members of the class, as well as members of the public, are invited to attend and participate in person or by telephone, in a public hearing on **Friday, March 24, 2017 at 1:00 PM central time (2:00 PM eastern time)** before the Honorable Nancy B. Firestone, United States Court of Federal Claims Judge. The hearing shall be held telephonically, with class counsel present at a location that is convenient to class members who wish to participate in person. Call-in information shall be provided to participating members of the Class in advance of the hearing. At this hearing, Class Counsel will ask the Court to approve the proposed settlement. Any member of the class who would like an opportunity to comment on the proposed settlement or Class Counsel's motion for an award of attorney's fees at the hearing must advise the Court in writing at

the address listed below by **March 6, 2017**. Only those class members who have provided timely written notice of their intention to address the Court will be permitted to present any comments or objections regarding the proposed settlement at the hearing, which is open to the public. Written notice stating your intent to object to, approve of, or otherwise comment on the proposed settlement should be sent to the following address (or by facsimile to (314) 899-2925):

>  **Greenwood Hearing Notice**
>  **c/o Steven M. Wald**
>  **Stewart, Wald & McCulley**
>  **12747 Olive Boulevard, Suite 280**
>  **St. Louis, Missouri 63141**

### IV.    ATTORNEY'S FEES.

The Court will make a separate determination regarding the reimbursement of your attorney's fees and costs. Because you will not pay any costs, Class Counsel will retain the reimbursement for costs which they have incurred as out-of-pocket expenses in this litigation. Class Counsel has requested that the Court award it reasonable fees pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a) ("URA"). The United States has agreed to reimburse the class for URA fees.

**Your legal rights are affected whether you act or do not act. Read this notice carefully. If you do not take the opportunity to object to the proposed settlement either in writing or during the forthcoming hearing, you may be deemed to have waived your right to later object and to appeal from any court order approving the settlement and/or from any judgment that may be entered in this case.**

**You may obtain a copy of the proposed Settlement Agreement and the Parties' filings on Class Counsel's motion for attorney's fees by requesting a copy from Class Counsel. These requests may be made by calling Class Counsel at 1-314-720-0220 or sending an email to Class Counsel at wald@swm.legal.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION ||
|---|---|
| DO NOTHING | You are currently a member of the Class that was certified in this case. As a member of the Class, you may approve of, object to, or comment on the proposed settlement and Class Counsel's request for fees. If the Court approves the settlement, the settlement's terms will bind you. You are not required, however, to take any additional action to participate as a class member at this time. |
| REQUEST ADDITIONAL INFORMATION | This notice is intended to provide you with general information about the proposed settlement of this class action. You may request additional information about the terms of the proposed settlement, including information about how the settlement amount for your claim was determined, or information concerning Class Counsel's request for fees, by contacting Class Counsel, Steven M. Wald of the law firm Stewart, Wald & McCulley by telephone at 1-314-720-0220 or by sending an email to wald@swm.legal. |
| OBJECT TO, APPROVE OF, OR COMMENT | As a class member, you may (but are not required to) object to, approve of, or otherwise comment to the Court about whether it should approve the proposed settlement and Class Counsel's fee request. Section "B" of the attached form allows you to provide commentary. All forms must be sent to Steven M. Wald, Stewart, Wald & McCulley, 12747 Olive Boulevard, Suite 280, St. Louis, Missouri 63141 and be postmarked or faxed to (314) 899-2925 by **March 6, 2017**. You can give reasons why you think the Court should or should not approve the proposed settlement and Class Counsel's fee request. The Court will consider your views. |
| PARTICIPATE IN THE COURT HEARING | As a class member, if you choose to provide written comments, you may (but are not required to) ask to speak in Court about the fairness of the proposed Settlement Agreement and Class Counsel's request for fees. The space to request such permission is included in section "C" of the attached form. All forms must be sent to the address listed above and postmarked or faxed to the fax number listed above by **March 6, 2017**. |
| CONTACT US | If you have questions, you may contact Class Counsel at **1-314-720-0220**. Court-approved Class Counsel is Steven M. Wald of the law firm Stewart, Wald & McCulley. |

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROSALIE GREENWOOD, *et al.*,<br>Individually and As Representatives of a<br>Class of Similarly Situated Persons,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES,<br><br>    Defendant. | )<br>)<br>)<br>)  No. 10-15 L<br>)<br>)  Judge Nancy B. Firestone<br>)<br>)<br>)<br>)<br>) |

## INDIVIDUAL CLASS MEMBER'S SETTLEMENT DISCLOSURE STATEMENT

To:    [name and address of individual class member to be inserted here]

This Disclosure Statement contains information to help you understand the rights and benefits you would be entitled to under the proposed Settlement of this Class Action Lawsuit.

**Your total land value — $_____**

Your total land value was determined through a settlement process that used an appraisal of your property or property deemed to be sufficiently similar to your property. It was calculated by multiplying your total square footage or acreage within the right-of-way by the per square foot dollar amount specific to your parcel of land.

**Your total interest — $_____**

You are entitled to the total property value plus interest. This figure reflects an estimate of interest on your compensation for the property. The interest will be recalculated based on the actual date of payment and may be slightly higher than the amount listed here.

**Your total property value plus interest — $_____**

Because you are entitled to the total land value plus estimated interest—this figure reflects your total compensation for the property interests taken plus interest.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROSALIE GREENWOOD, *et al.*,<br>Individually and As Representatives of a<br>Class of Similarly Situated Persons,<br><br>    Plaintiffs<br><br>  v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 10-15 L<br><br>Judge Nancy B. Firestone |

### INDIVIDUAL CLASS MEMBER'S COMMENTS ON PROPOSED SETTLEMENT, CLASS COUNSEL'S REQUEST FOR ATTORNEY'S FEES AND/OR REQUEST TO ADDRESS THE COURT AT PUBLIC HEARING

**A. APPROVAL OF THE PROPOSED SETTLEMENT**

[Class Member Name]:

*As a class member, you may approve of, object to, or comment on the proposed settlement. You are not required, however, to take any additional action to participate as a class member at this time.*

 ____ I approve of the proposed settlement.

 ____ I object to the proposed settlement (**explain below in Section B, Comments**).

 ____ I wish to appear at the hearing in person.

 ____ I wish to appear at the hearing by telephone.


(Signature)_____ (Date)_____

Your mailing address, phone number, and email address:

Mailing Address(es): _____

Phone Number(s)(*optional*):_____

Email (*optional*): _____

6

**If not previously provided, please provide your Social Security No. or Federal Tax Identification No. (SSN/TIN) (you must provide this information in order to receive payment):**

Class Member SSN/TIN (named above): _____

Co-Owner (print name & SSN/TIN): _____

**B.   COMMENTS / OBJECTIONS ON THE PROPOSED SETTLEMENT OR CLASS COUNSEL'S REQUEST FOR FEES\*:**

_____
_____
_____
_____
_____
_____
_____
_____

**C.   REQUEST TO SPEAK AT PUBLIC HEARING.**

*If you are a class member, and only if you expressed your objection, approval, or other comments on the proposed settlement in Section A of this form, you may (but are not required to) request to speak at the public hearing at which the Court will consider whether to approve the settlement. You may attend the hearing in person or you may participate by telephone. You do not need to speak at the hearing to remain in the class or to have the Court consider your written commentary.*

_____ I wish to speak at the hearing __ in person / __ by telephone.

**Please fax, email or mail this form by March 6, 2017 to:**

Greenwood Hearing Notice
c/o Mr. Steven M. Wald
Stewart, Wald & McCulley
12747, Suite 280
St. Louis, Missouri 63141
Facsimile: (314) 899-2925
wald@swm.legal

**\*If you do not intend to appear at the hearing to state your objections on the record, you must submit specific objections in writing, or risk waiving those objections for the purposes of an appeal. Attach additional sheets setting forth your comments/objections if needed.**