# In the United States Court of Federal Claims

No. 10-15L
(Filed: August 13, 2018)
**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| ROSALIE GREENWOOD, *et al.*, Individually and as Representatives of a Class of Similarly Situated Individuals, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Lack of subject matter jurisdiction; ancillary jurisdiction; additional attorneys' fees; Uniform Relocation Assistance and Real Property Acquisition Policies Act |
| v. | ) ) | |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PLAINTIFFS' SUPPLEMENTAL
MOTION FOR ATTORNEYS' FEES AND COSTS**

Pending before the court is plaintiffs' motion for attorneys' fees and litigation costs under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), which vests this court with jurisdiction to "reimburse . . . plaintiff[s] for [their] reasonable costs, disbursements, and expenses, including reasonable attorney . . . fees, actually incurred . . ." in cases brought under the Tucker Act.  42 U.S.C. § 4654(c).  In their motion, plaintiffs are seeking to recover additional attorneys' fees and costs from the United States ("the government"), which plaintiffs claim they incurred when the government filed a protective notice of appeal to the United States Court of Appeals for the Federal Circuit ("Federal Circuit") from a judgment

granting plaintiffs just compensation and attorneys' fees and costs in connection with their underlying rails-to-trails action.  The government withdrew its appeal before briefing began in the Federal Circuit.  When the government voluntarily withdrew its appeal, plaintiffs did not raise the issue of attorneys' fees or costs under the URA before the Federal Circuit.  Rather, five months after the government's appeal was withdrawn, plaintiffs filed their request for additional attorneys' fees and costs in this court.

The government has moved to dismiss plaintiffs' motion for additional attorneys' fees and costs in this court for lack of subject matter jurisdiction.  According to the government, this court lost jurisdiction over the case once an appeal was filed, and absent a remand from the Federal Circuit directing this court to consider payment of additional attorneys' fees and costs beyond those awarded by the court in its judgment, this court does not have jurisdiction to award additional fees.  Plaintiffs contend that this court has jurisdiction to consider their motion under the court's "ancillary" jurisdiction.  For the reasons set forth below, the court finds that it lacks jurisdiction to consider plaintiffs' motion.  Accordingly, plaintiffs' motion for additional attorneys' fees and costs associated with the appeal of this court's initial decision that was subsequently withdrawn is **DENIED**.

**Background and Procedural History**

This case stems from a rails-to-trails action originally brought by plaintiffs claiming a taking and seeking just compensation for the conversion of a railroad corridor in Lawrence County, Arkansas, to a recreational trail under the Nationals Trails System

Act, 16 U.S.C. § 1247(d).  The facts of the case are set forth in *Greenwood v. United States*, 131 Fed. Cl. 231 (2017) and are briefly summarized below.

Plaintiffs, who consist of 53 landowners that collectively own 78 parcels of land along a 6.70–mile corridor in Lawrence County, Arkansas, filed the original opt-in class action lawsuit on January 11, 2010.  On April 10, 2017, the court approved the settlement agreement reached by the parties regarding just compensation, finding it to be "fair, reasonable, and adequate."  *Greenwood*, 131 Fed. Cl. at 234.  On April 25, 2017, the court awarded plaintiffs $326,310.00 as reimbursement for attorneys' fees and $12,248.00 for litigation costs separate from the settlement in the underlying takings case.

On June 26, 2017, the government filed a protective notice of appeal to allow it to determine whether it would pursue an appeal of the orders approving the settlement, class notice, and attorneys' fees.  The government subsequently withdrew its appeal on September 28, 2017.  Thereafter, the Federal Circuit issued a mandate dismissing the appeal and stating that "[e]ach party [would] bear its own costs."  *Greenwood v. United States*, No 17-2243 (Fed. Cir. Sept. 28, 2017).

The amount this court awarded to plaintiffs as just compensation together with attorneys' fees and costs was paid by the Judgment Fund on January 3, 2018.  On February 23, 2018, nearly five months after the Federal Circuit issued the mandate dismissing the government's appeal and more than a month after the judgment was paid by the Judgment Fund, plaintiffs filed the pending motion seeking additional attorneys' fees and other litigation expenses in connection with the withdrawn appeal.  On March

3

23, 2018, the government moved to dismiss the motion on the grounds that this court lacks jurisdiction to consider plaintiffs' request for additional attorneys' fees and costs.

**The Court Does Not Have Jurisdiction to Consider Plaintiffs' Motion for Additional Fees**

The government argues that this court lacks jurisdiction to hear plaintiffs' motion for additional fees for two reasons. First, the government maintains that once an appeal was filed, this court lost jurisdiction over the case. *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (internal citations omitted) ("Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal."). Thus, according to the government, without specific instruction from the Federal Circuit to consider plaintiffs' request for additional attorneys' fees, this court does not have jurisdiction to consider plaintiffs' additional fee request. Specifically, the government argues that because the Federal Circuit in its mandate expressly stated that "[e]ach party [would] bear its own costs[,]" *Greenwood*, No 17-2243, and did not mention attorneys' fees, this court has been divested of jurisdiction to alter the judgment regarding fees and costs. Second, the government argues that the court cannot exercise ancillary jurisdiction over plaintiffs' claim for additional fees because attorneys' fees were made part of the court's judgment and those fees have been paid by the Judgment Fund. As such, the government explains, the matter of attorneys' fees is no longer before the court. The government contends that the issue of attorneys' fees would only be before the court had plaintiffs requested a remand from the Federal Circuit to reopen the judgment on attorneys' fees.

In response, plaintiffs argue that the court has jurisdiction over their motion for additional fees for two reasons. First, plaintiffs maintain that the court can hear their motion for additional fees pursuant to the URA. According to plaintiffs, the statute provides that in cases where judgment has been rendered awarding just compensation for the taking of property by the government, the court "shall determine and award" that amount necessary to reimburse a plaintiff for "his reasonable costs, disbursements, and expenses, including reasonable attorney . . . fees," incurred in the case. 42 U.S.C. § 4654(c). Plaintiffs do not address the legal significance of the fact that a judgment on attorneys' fees and costs has been entered and paid.

Alternatively, plaintiffs argue that the court can exercise its ancillary jurisdiction to consider their motion for additional fees because such fees were necessitated by the government's decision to file a protective notice of appeal, and it would be unfair not to compensate plaintiffs' counsel for the time and costs spent as a result of the appeal. Plaintiffs maintain that these circumstances warrant the court's exercise of its ancillary jurisdiction "'to enable [the] court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees . . . .'" *Cygnus Telecomms Tech., LLC v. Totalaxcess.com, Inc.*, 345 F.3d 1372, 1375 (Fed. Cir. 2003) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994) (internal citations omitted)). In this connection, plaintiffs argue that this court's favorable ruling on the initial motion for attorneys' fees and costs does not divest the court of its ability to exercise its jurisdiction over collateral matters, including claims for additional attorneys' fees and costs. Rather, plaintiffs maintain, the court has jurisdiction to consider fee

5

requests even years after a final judgment is issued and the case has otherwise resolved, especially considering the time and cost spent defending against the government's appeal, for which plaintiffs should be compensated. Thus, according to plaintiffs, because this court cannot be divested of its ancillary jurisdiction over collateral matters, it has the authority to consider their motion for additional fees.

The court agrees with the government that the court lacks jurisdiction to hear plaintiffs' motion for additional fees because the Federal Circuit expressly stated each party would bear its own costs and plaintiffs did not seek a remand for URA fees and costs before the Federal Circuit, seeking URA attorneys' fees and costs associated with the withdrawn appeal only after the URA attorneys' fees and costs had been paid by the Judgment Fund. In such circumstances, this court has nothing pending to allow for the exercise of ancillary jurisdiction in the underlying takings action.

The doctrine of ancillary jurisdiction generally "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378. A trial court, therefore, "retains [ancillary] jurisdiction over collateral matters, including claims for attorneys' fees[,]" relating to the underlying claim. *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2002) (internal citations omitted); *see also Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816–17 (5th Cir. 1997) ("A [trial] court has jurisdiction to rule on a motion for ancillary attorneys' fees even after the filing of a notice of appeal with respect to the underlying claims."); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) (explaining that a trial court "may award attorneys' fees while the court of appeals

addresses the merits."). As a result, "the trial court maintains jurisdiction over claims for attorneys' fees while the merits of a case are on appeal[,]" *Q Integrated Cos, LLC v. United States*, 132 Fed. Cl. 638, 643 (2017) (internal citations omitted), including claims for attorneys' fees filed pursuant to the URA. *Memmer v. United States*, No. 14-135L, 2017 WL 2920032, at *1 (Fed. Cl. July 7, 2017) ("[T]he court retains jurisdiction to conduct proceedings on plaintiffs' anticipated URA claim.").

Nevertheless, a court can only retain ancillary jurisdiction, including for attorneys' fees and costs filed under the URA, while a proceeding is pending before it. In other words, the trial court cannot exercise its ancillary jurisdiction if there is no proceeding to which a collateral matter may attach. In the instant case, a final judgment had been entered on attorneys' fees and costs. While this court may have retained jurisdiction to ensure that a final judgment was paid, once the appeal was withdrawn and the judgment was paid, including the judgment for attorneys' fees and costs, there was no longer any proceeding pending before this court related to the underlying takings action. For this court to consider a new motion for additional fees, plaintiffs needed to have requested the Federal Circuit to remand the proceeding to this court. Plaintiffs did not do so. Nor did plaintiffs seek to reopen the judgment before this court. Instead, as noted, plaintiffs filed this motion for additional fees nearly five months after the Federal Circuit had dismissed the appeal and more than a month after the judgment had been paid. In such circumstances, there was no proceeding remaining before this court.

It is for this reason, the court finds that the cases on which plaintiffs rely are distinguishable. In *K.C. ex rel. Erica C. v. Torlakson*, the Ninth Circuit reversed a

7

decision by the district court denying plaintiffs motion for attorneys' fees, concluding that the district court could, in its discretion, have chosen to exercise ancillary jurisdiction over the motion for fees during an appeal. 762 F.3d 963, 971 (9th Cir. 2014). Here, by contrast, the issue of attorneys' fees had been resolved before the case went before the Federal Circuit. The *Cygnus* decision is also distinguishable. There, the Federal Circuit held that the district court could retain jurisdiction to enforce a settlement agreement because "[t]he terms of the settlement agreement were incorporated in the district court's judgment and dismissal order, [thus] establishing the district court's subject matter jurisdiction to enforce the agreement[.]" *Cygnus*, 345 F.3d at 1376. In the instant case, however, once the judgment was paid, there was no longer anything to enforce.

Plaintiffs' reliance on *Lost Tree Vill. Corp. v. United States*, 135 Fed. Cl. 92 (2017), is misplaced. In *Lost Tree*, the plaintiff initially lost in the Court of Federal Claims but was then successful on appeal. 135 Fed. Cl. at 93. The Federal Circuit then remanded the case to the trial court, which awarded just compensation. *Id.* at 100. Unlike in *Lost Tree*, here, the Federal Circuit did not remand the case for further proceedings. Plaintiffs' reliance on Gar*goyles, Inc. v. United States*, 45 Fed. Cl. 139 (1999) is similarly misplaced. Unlike the instant case, where a judgment addressing attorneys' fees and costs was entered before the appeal was filed, in *Gargoyles*, the judgment preceding the appeal did not address attorneys' fees. Gar*goyles*, 45 Fed. Cl. at 141. Thus, the issue of attorneys' fees was still before the trial court.

In sum, where, as here, attorneys' fees and costs were addressed by the trial court and before the Federal Circuit, plaintiffs needed to seek to remand or reopen the

8

judgment if they wished to seek additional fees to cover the work they performed in connection with the withdrawn appeal.  Once the Federal Circuit mandate was issued, plaintiffs were on notice that the only possible issue before the trial court was ensuring payment of the amount awarded as just compensation and for attorneys' fees and costs by this court.  Plaintiffs did not seek to reopen that judgment.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for additional fees is **DISMISSED**.[1]

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

[1] Having concluded that the court lacks jurisdiction to hear plaintiffs' motion for additional fees, the court has no occasion to address the timeliness of plaintiffs' motion or the reasonableness of their counsel's billing entries related to work on the withdrawn appeal.